[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} In two assignments of error, plaintiffs-appellants Irwin and Diane Scheineson contest the entry of summary judgment in favor of defendant-appellee Norman Maher on their claims of defamation and intentional infliction of emotional distress. The Scheinesons and Maher are neighbors on Winfield Lane, in Sycamore Township, and members of the development's homeowners association. It is undisputed that from the moment of the Scheinesons' arrival in the development, the parties have quarreled. In the course of their dispute, among other indignities, the Scheinesons filed a complaint with the Hamilton County Board of Revision claiming that the tax valuation of Maher's home was too low and should be raised, and Maher countered by informing the homeowners association and the township's zoning inspector that the Scheinesons were improperly operating a home business with employees on residential property. The Scheinesons then sought variances to extend their driveway and to operate the business from their home. The Scheinesons' lawsuit was prompted by letters, some written by Maher, some authored anonymously, sent to the members of the association. The letters, which the Scheinesons claimed were defamatory, stated that the Scheinesons had been duplicitous in their dealings with the association and township. Specifically, the Scheinesons allege that Maher told the association in various letters that Mr. Scheineson "flat out lied."
 {¶ 3} When, as here, the party moving for summary judgment discharges its initial burden of identifying the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. See Civ. R. 56(C); see, also, Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 4} A defamatory statement is the unprivileged publication of false and defamatory matter that tends to reflect injuriously on a person's reputation, or exposes a person to public hatred, contempt, ridicule, shame or disgrace, or affects a person adversely in his trade, business or profession. See Brunsman v. W. Hills Country Club, 1st Dist. No. C-020323, 2003-Ohio-891, at ¶ 22. Even construing the written statements attributable to Maher in a manner most strongly in favor of the Scheinesons, they did not constitute defamation, as they are nonactionable statements of opinion on a matter of personal interest, and not statements of fact. See Scott v. News-Herald (1986), 25 Ohio St.3d 243,250, 496 N.E.2d 699.
 {¶ 5} Because the Scheinesons have failed to make a showing sufficient to establish that Maher published false statements that adversely affected their business or reputations — essential elements of their claim of defamation — summary judgment was properly entered on that claim. See Brunsman v. W. Hills Country Club. The first assignment of error is overruled.
 {¶ 6} Their second assignment of error, in which the Scheinesons contend that the trial court erred in entering summary judgment on their claim that Maher's statements were extreme and outrageous and caused them emotional distress, is overruled. The Scheinesons failed to make a showing sufficient to establish that Maher's statements were extreme and outrageous and that they suffered any serious emotional distress as a result. Summary judgment was properly entered on that claim. See Phungv. Waste Mgt., Inc. (1994), 71 Ohio St.3d 408, 410, 644 N.E.2d 286.
 {¶ 7} Therefore, the judgment of the trial court is affirmed.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.